# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DARLENE WILSON,<br><br>**Plaintiff**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>**Defendant** | CASE NO. 1:14-CV-1392 AWI SAB<br><br>**ORDER REFERRING MATTER TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS** |

    On December 16, 2014, the Magistrate Judge issued a Findings and Recommendation ("F&R") to dismiss this case for failure to pay a filing fee. Plaintiff objected on December 30, 2014.

    As part of the objections, Plaintiff contends that it was error to reject her various motions to proceed in forma pauperis ("IFP"). IFP status was denied because Plaintiff's income for a household of 2 was above the poverty line and Plaintiff's yearly income exceeded yearly expenses by about $2,000. See Doc. No. 8. Plaintiff contends that her household contains 3 individuals, and for a household of 3 her income is below the poverty line. Plaintiff also identified additional expenses that reduced the $2,000 yearly surplus.

    The additional expenses were identified in Plaintiff's third motion to proceed IFP. The 3 members of Plaintiff's household were identified in her first and third IFP applications, but 1 household member (her adult son) was not included in the second IFP application. Plaintiff indicates that she omitted her son in the second IFP application because she thought she could not include him because he is over 18.

After considering the F&R, the history of this case, and Plaintiff's objections, the Court believes that further proceedings are advisable. Plaintiff's failure to include her son and other relevant expenses in her second IFP application raises concerns. Plaintiff has not explained why she did not include all expenses in her second IFP application. It is not appropriate to keep adding additional facts each time an IFP application is denied, until the facts finally justify IFP status. Nevertheless, the Court finds it significant that Plaintiff's son was identified in her first attempt to obtain IFP status, and her explanation could suggest an innocent reason for the omission. If the son is appropriately included in the analysis, then it would appear that Plaintiff is below the poverty line. Under these circumstances, the Court will refer the matter back to the Magistrate Judge for further proceedings, which may include conducting any necessary hearings, with respect to Plaintiff's IFP applications and whether IFP status should be granted.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court neither adopts nor declines the December 16, 2014 findings and recommendations at this time;
2. This matter is referred back to the Magistrate Judge for further proceedings, as described above, regarding Plaintiff's IFP applications and status.

IT IS SO ORDERED.

Dated:   March 5, 2015                              _____
                                                   SENIOR DISTRICT JUDGE